**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| WILLIAM HUDDLESON, *et al*., | : | |
| Plaintiffs, | : | Case No.  3:05cv00356 |
| vs. | : | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| SUSAN STILES, Director,<br>G.M.H.A., *et al*., | : | |
| | : | |
| Defendants. | | |
| | : | |

**REPORT AND RECOMMENDATIONS[1]**

**I.     PLAINTIFFS' COMPLAINT**

This case pits several homeless individuals against various governmental agencies and non-governmental organizations.  Plaintiffs allege that the named defendants provided housing and other benefits to the victims of Hurricane Katrina rather than to Plaintiffs, who are self-described "otherwise homeless." (Doc. #2 at 7).  Plaintiffs allege, "[I]t became apparent to Plaintiffs that there were two classes of homeless and displaced, the desperate and homeless resultant from catastrophe of sufficient magnitude, and the otherwise homeless whose presence in society evoked emergency response of un-noteworthiness." (Doc. #2 at 7).

Plaintiffs' Complaint asserts that although they sought housing and services from some of the named defendants, the Katrina homeless were placed at the top of the list for housing and associated services.  For example, Plaintiffs inquired about a specific vacant apartment and were

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

told that it needed to be re-carpeted before it was ready for occupancy. Plaintiffs then learned that a woman displaced by hurricane Katrina "had just been settled in the very apartment they had been inquiring about for weeks." (Doc. #2 at 9). Plaintiffs allege that through this and other similar actions, the named defendants created a favored class of Katrina homeless while callously neglecting Plaintiffs' emergency needs. This despite the fact that Plaintiffs and the Katrina homeless were similarly situated, according to Plaintiffs.

Plaintiffs summarize their claims and the relief they seeks as follows:

> The Plaintiffs pray the Court to determine if the Constitution is aggrieved of one class of homeless Americans being privileged in the surfeit of their need as another class of homeless Americans, suffering no less *in-extremis*, are shoved aside as second class citizens, denied the same generosity of help, the only difference between them being that some survive the fate of weather, the others merely weather the fate of caprice in a society that abides in the chasm between the truth of fairness in the Constitution and the disparity of facts on the ground as they say.

(Doc. #2 at 21).

Plaintiffs have been previously granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915, and this case is presently before the Court for a *sua sponte* review to determine whether Plaintiffs' Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a named defendant who is immune from such relief. If the Complaint suffers from one or more of these deficiencies, it must be dismissed under 28 U.S.C. §1915(e)(2)(B).

## II. APPLICABLE STANDARDS

By enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992)(quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress authorized the federal courts to *sua sponte* dismiss an *in forma pauperis* Complaint if they are satisfied that the Complaint is frivolous or malicious. *Denton*, 504 U.S. at 31; *see* 28 U.S.C. §1915(e)(2)(B)(i).

Viewing an *in forma pauperis* Complaint through lens of §1915(e)(2)(B)(i), the Court asks whether the Complaint raises a claim with a rational or arguable basis in fact or law; if not, it is frivolous or malicious and subject to dismissal.  *See Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  A Complaint has no arguable legal basis when, for example, the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.  A Complaint has no arguable factual basis when the allegations are delusional or irrational or "wholly incredible."  *Denton,* 504 U.S. at 32; *see Lawler,* 898 F.2d at 1199.

Congress has also authorized the *sua sponte* dismissal of a Complaint that fails to state a claim upon which relief may be granted or that seeks monetary relief from a defendant who is immune from such relief in this Court.  28 U.S.C. §1915(e)(2)(B)(ii-iii).  "A *pro se* Complaint is held to an especially liberal standard, and should only be dismissed for failure to state a claim if it appears 'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000)(citation omitted); *see Evans-Marshall v. Bd. of Educ. of Tipp City*, ___ F.3d ___, ___, 2005 LEXIS 23546 at *7-*8 (6th Cir. Nov. 1, 2005).

### III.    ANALYSIS

Plaintiffs' Complaint may not be dismissed *sua sponte* under §1915(e)(2)(B)(i) as frivolous or malicious because Plaintiffs allege non-delusional facts. Indeed, the story Plaintiffs tell is far from delusional; it is easily believable due to the recent devastation – or "catastrophe" to use Plaintiffs' description (Doc. #2 at 7) – caused by hurricane Katrina. This story, however, fails to state a claim upon which relief can be granted.

Accepting as true the factual allegations of Plaintiffs' *pro se* Complaint, and liberally construing them in Plaintiffs' favor, does not reveal that any named defendant violated their constitutional rights. To support a constitutional claim, enforceable by way of 42 U.S.C. §1983, Plaintiffs must allege facts showing that one or more named defendants engaged in conduct under color of state law and that the alleged conduct deprived them of a right secured by the Constitution or laws of the United States. *Markva v. Haveman*, 317 F.3d 547, 552 (6th Cir. 2003).

An initial weakness in Plaintiffs' Complaint appears to the extent they seek to hold non-governmental organizations, such as churches, liable for constitutional violations. An allegation indicating that state or governmental action rather than acts by private citizens or organizations is essential to support a §1983 claim. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390-97 (1971); *see also Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001). Parsing out which named defendant should be dismissed on this basis is unnecessary at this time, because the Complaint fails to state a constitutional claim against any named defendant.

When read in the light most favorable to Plaintiffs, their allegations seek to raise a claim under the Equal Protection Clause of the Fourteenth Amendment, which prohibits each state

4

from "deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, §1.  The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleyburne, Tex. v. Cleyburne Living Center*, 473 U.S. 432, 439 (1985).

> 'To state a claim under the Equal Protection Clause, a ... plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class' or burdened a fundamental right. *Purisch v. Tenn. Tech. Univ*., 76 F.3d 1414, 1424 (6th Cir. 1996)(citations omitted).  If a protected class or fundamental right is involved, this Court must apply strict scrutiny, but where no suspect class or fundamental right is implicated, this Court must apply rational basis review.  *Hadix v. Johnson*, 230 F.3d 840, 843 (6th Cir. 2000).  Under rational basis review, the governmental policy at issue 'will be afforded a strong presumption of validity and must be upheld as long as there is a rational relationship between the disparity of treatment and some legitimate government purpose.'  *Id*. [other citation omitted].  Under rational basis review, a plaintiff faces a severe burden and must 'negate all possible rational justifications for the distinction.'  *Gean v. Hattaway,* 330 F.3d 758, 771 (6th Cir.2003) [other citation omitted].

*Midkiff v. Adams County Regional Water District*, 409 F.3d 758, 770 (6th Cir. 2005).  The burden placed on the plaintiff to negate all possible rational justifications is one of the most difficult to overcome in constitutional law, because "a purported rational basis may be based on 'rational speculation unsupported by evidence or empirical data' and need not have a foundation in the record."  *Midkiff*, 409 F.3d at 770 (quoting in part *Heller v. Doe,* 509 U.S. 312, 320-21 (1993)).

Homeless individuals are not in a suspect class.  *Joel v. City of Orlando*, 232 F.3d 1353, 1357 (11th Cir. 2000)(and cases cited therein).  The rational-basis test therefore applies to Plaintiffs' allegations.  *See Heller,* 509 U.S. at 319-20; *see also Midkiff*, 409 F.3d at 770.

Plaintiffs' Complaint contains an explanation for the reason why the named defendants treated the Katrina homeless more favorably than Plaintiffs – the catastrophe caused by Hurricane Katrina and the resulting influx of newly homeless people into Plaintiffs' geographic

region. By housing these newly homeless the government furthered the goal of public health and welfare in a time of emergency caused by a severe hurricane. Plaintiffs correctly emphasize that the decision to house the Katrina Homeless constituted favoritism: Plaintiffs had unsuccessfully sought housing for at least weeks before being "shoved aside as second class citizens..." (Doc. #2 at 21) by the decision to house the Katrina Homeless ahead of Plaintiffs. Although Plaintiffs found themselves on the disfavored side of this disparate governmental treatment, this fails to show a violation of Plaintiffs' rights under the Equal Protection Clause because a strong presumption of validity applies to the decision to house the Katrina Homeless ahead of Plaintiffs. *See Heller*, 509 U.S. at 320; *see also Midkiff*, 409 F.3d at 770.

     Plaintiffs' Complaint does not overcome this strong presumption of validity because a rational relationship exists between the disparity of treatment and a legitimate government purpose – responding to the emergency public health and welfare needs of hurricane Katrina's victims. This governmental decision is not rendered irrational by the similarity of Plaintiffs' homeless status to Katrina's homeless status or by the fact that Plaintiffs' are, by their own allegations, facing their own personal emergency just like the Katrina homeless. As unfavorable and unfair to Plaintiffs as this decision was, the fact that the named defendants were responding to a public health and welfare emergency renders the decision to house the Katrina homeless rationally related to a legitimate governmental goal. *Cf. West Washington Cnty. Emergency Med. Servs. v. Washington Cnty.*, 967 F.2d 1252 1254-55 (8th Cir. 1992)(county had legitimate interest in quality of emergency medical care).

     Accordingly, Plaintiffs' Complaint fails to state a violation of their rights under the Equal Protection Clause, and consequently, the Complaint must be dismissed *sua sponte* under 28

U.S.C. §1915(e)(2)(B)(ii).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiffs' Complaint (Doc. #2) be DISMISSED.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this dismissal would not be taken in good faith, and as a result, Plaintiffs should be denied leave to appeal *in forma pauperis*. If so certified, Plaintiffs, who are not prisoners, would remain free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999).

3. The case be terminated on the docket of this Court.

November 15, 2005

                                             s/ Sharon L. Ovington
                                                   Sharon L. Ovington
                                      United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).